

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-19-00235-CV**

**IN THE INTEREST OF S.R., JR., A CHILD**

_____

**From the 278th District Court**
**Madison County, Texas**
**Trial Court No. 18-16060**

---

**ABATEMENT ORDER**

---

In S.R., Jr.'s mother's second and third issue and his father's third issue, appellants complain that the trial court was notified that the child might be an Indian child and therefore, the Indian Child Welfare Act (ICWA) necessitates that the trial court investigate the potential status of the child as an Indian child. In the first hearing before the trial court, the mother was asked if she had any Native American heritage and she answered that her great-grandmother was full-blooded. The attorney for the Department advised the mother that she needed to notify the caseworker of any known Native American heritage after the hearing and no further questions were asked. The status hearing order indicated that the child might have Native American heritage, but

subsequent reports and court orders stated that both the mother and father denied any Native American heritage. Nothing in the record indicates that any investigation was pursued regarding the child's potential Native American heritage.

When the trial court is informed that a child has potential Native American heritage, it is the duty of the trial court and the Department to investigate the child's potential status as an Indian child, including the requirement to send notice to any tribe and to the Bureau of Indian Affairs. The Department acknowledges that the record is silent on this issue and that an abatement may be necessary for the appropriate notices to be sent. We find that the mother's claims at the removal hearing were sufficient to put the trial court on notice that S.R., Jr. might be an Indian child and to trigger the duty to investigate her claims.

Because of this Court's mandate to dispose of cases involving the termination of parental rights within 180 days, we will abate this proceeding for a period of only 42 days total from the date of this order for an expedited determination of this issue. The mother and father are ordered to notify the Department within 7 days of this order of any potential tribe affiliation of the mother's great-grandmother or other family members. The Department is ordered to send notice to the Bureau of Indian Affairs and any tribe identified by the mother or father, if any, within 3 days of the date of the receipt of the parents' information or within 10 days of the date of this order if no information is received from the parents by the Department. The trial court is ordered to conduct a

hearing to ascertain the status of the children within 35 days of the date of this order. A supplemental reporter's record and clerk's record of the hearing, including the trial court's findings regarding the child's status as an Indian child must be filed with this Court within 42 days of the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Abated
Order issued and filed October 4, 2019
[RWR]

